IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | Case Nos. 07-03121 through |
|---|---|---|
| In re: | ) | 07-03123 and 07-03125 |
| | ) | |
| MILLCREEK BROADCASTING, L.L.C., | ) | Chapter 11 |
| et al.,[1] | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtors. | ) | |
| | ) | |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) 362, 365, 366,
503(b) AND 507(a) DETERMINING ADEQUATE ASSURANCE
OF PAYMENT FOR FUTURE UTILITY SERVICES**

Upon the motion, dated May 11, 2007 (the "Motion")[2] of the above captioned debtors and debtors-in-possession (the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a), 362, 365, 366, 503(b) and 507(a) determining adequate assurance of payment for future utility services; and the Court having reviewed the Motion and the Panagos Declaration; and the court having determined that the relief requested in this Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and no Procedure Objections having been filed by any Utility

---

[1] The Debtors consist of: Millcreek Broadcasting, L.L.C. (EIN: 36-4265091); 3 Point Media – Delta, L.L.C. (EIN: 61-1421503); 3 Point Media – Franklin, L.L.C. (EIN: 36-4499087) and 3 Point Media – Utah, L.L.C. (EIN: 36-4470799).

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.



Companies in these Chapter 11 Cases; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as modified by this Order.

2. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. The Debtors shall provide a deposit equal to two (2) weeks of Utility Service to any Requesting Utility who requests such a deposit in writing, provided that such Requesting Utility does not already hold a deposit equal to or greater than two (2) weeks of Utility Services, and provided further that such Utility Company is not currently paid in advance for its services.

5. Within ten (10) business days of receiving a Request for an Adequate Assurance Deposit from a Requesting Utility, the Debtors shall provide each such Requesting Utility with an Adequate Assurance Deposit in an amount calculated as the average historical cost to the Debtors of two (2) weeks of Utility Service from such Requesting Utility over the twelve (12) months preceding the Relief Date.

6. Any Utility Company requiring an Adequate Assurance Deposit must serve a Request for such Adequate Assurance Deposit on (i) Millcreek Broadcasting, L.L.C., 2835 East 3300 South, Salt Lake City, Utah 84109 (Attn: Randy Rodgers), and (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, IL 60606-1285 (Attn: Felicia Gerber Perlman, Esq.).

7. A Utility Company who requests and accepts an Adequate Assurance Deposit shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Company, and such Utility Company shall be deemed to have waived any right to seek additional adequate assurance during the course of these Chapter 11 Cases.

8. A Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request upon the Debtors at the following addresses: (i) Millcreek Broadcasting, L.L.C., 2835 East 3300 South, Salt Lake City, Utah 84109 (Attn: Randy Rodgers), and (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, IL 60606-1285 (Attn: Felicia Gerber Perlman, Esq.).

9. Any Additional Assurance Request must be made in writing and specify (i) the amount and nature of assurance of payment that would be satisfactory to the Utility Company, (ii) the type of utility services provided, (iii) the location(s) for which the relevant utility services are provided, (iv) a list of any deposits or other security currently held by such Utility Company and held by such Utility Company immediately prior to the Relief Date on account of the Debtors, (v)

3

a description of any payment delinquency or irregularity by the Debtors for the period subsequent to the Relief Date and (vi) detailed reason(s) why the Proposed Adequate Assurance does not constitute satisfactory assurance of future payment.

10. Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have fourteen (14) days from the receipt of such Additional Assurance Request to negotiate with such Utility Company to resolve such Utility Company's request for additional assurance of payment.

11. The Debtors may enter into agreements granting to the Utility Companies any assurance of payment that the Debtors, in their sole discretion, determine is reasonable to resolve any Additional Adequate Assurance Request.

12. If the Debtors determine that an Additional Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Company within fourteen (14) days from the receipt of such Additional Assurance Request, the Debtors shall request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

13. Pending resolution of any such Determination Hearing, such particular Utility Company shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

4

14. Any assurance of payment provided by the Debtors to a Utility Company in accordance with the Proposed Adequate Assurance or Adequate Assurance Procedures will, to the extent not used by the Utility Company to satisfy a post-Relief Date default, be returned to the Debtors within thirty (30) days after the effective date of the a chapter 11 plan in these Chapter 11 Cases without further order of the Court.

15. Any Utility Company that does not timely make a written Additional Adequate Assurance Request in accordance with the Adequate Assurance Procedures shall be deemed to have adequate assurance of payment under § 366(c) of the Bankruptcy Code, without prejudice to such Utility Company's right to seek relief under § 366(c)(3)(A).

16. All Utility Companies who did not timely file a Procedure Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures. The sole recourse of all Utility Companies who did not file a Procedure Objection shall be to submit an Additional Adequate Assurance Request pursuant to the Adequate Assurance Procedures, and shall be enjoined from ceasing performance pending any Determination Hearing that may be conducted pursuant to the Adequate Assurance Procedures.

17. A Utility Company shall be deemed to have adequate assurance of payment unless and until (a) the Debtors, in their sole discretion, agree to an Additional Assurance Request or agree to an alternative assurance of payment

with the Utility Company or (b) this Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

    18.    The Debtors are authorized, in their sole discretion, to amend the Utility Service List to add or delete any Utility Company, and this Order shall apply to any such Utility Company that is subsequently added to the Utility Service List.

    19.    The Debtors shall serve a copy of this Order on each Utility Company listed on the Utility Service List within two (2) business days of the date this Order is entered, and shall similarly serve this Order on each Utility Company subsequently added by the Debtors to the Utility Service List.

    20.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Chicago, Illinois
       June 27 2007

*Jacqueline P. Cox*

_____J.Cox_____
United States Bankruptcy Judge
The Honorable Jacqueline P. Cox