**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| MILLCREEK BROADCASTING, L.L.C., <u>et al</u>., | ) |
| | ) Case Nos. 07-3121 |
| Debtors. | ) (Jointly Administered) |
| | ) Hon. Jacqueline P. Cox |

**<u>NOTICE OF MOTION</u>**

PLEASE TAKE NOTICE that on September 21, 2010, at 9:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom Number 619, 219 South Dearborn Street, Chicago, Illinois and present the attached **Final Application of Jenner & Block LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Creditors' Committee for Millcreek Broadcasting LLC, et al.**

Dated: August 26, 2010
       Chicago, Illinois

                                        Respectfully submitted,

                                        CREDITORS COMMITTEE FOR MILLCREEK
                                        BROADCASTING, LLC, et al.

                                        BY:     */s/ Catherine Steege*
                                                One of Its Attorneys

Catherine L. Steege (6183529)
Christine L. Childers (6277245)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654-3456
Telephone:    312-222-9350
Facsimile:    312-527-8760

## CERTIFICATE OF SERVICE

I, Catherine Steege, certify that I caused a copy of the foregoing **Notice of Motion** and **Final Application of Jenner & Block LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Creditors' Committee for Millcreek Broadcasting LLC, et al.** to be served upon those individuals on the attached Service List by U.S. Mail on August 26, 2010.

                                                               */s/ Catherine Steege*
                                                                  Catherine Steege

# SERVICE LIST
### In re Millcreek Broadcasting, LLC
### Case No. 07-3121

Ronald Barliant
Shira R. Isenberg
Goldberg Kohn Bell Black, et al.
Suite 3300
55 E. Monroe St.
Chicago, IL  60603

Ann Nielsen
Millcreek Broadcasting LLC
2835 E. 3300 South
Salt Lake City, UT  94109

Timothy Pohl
Peter Krebs
Felicia Perlman
Skadden Arps Slate Meagher & Flom LLP
333 W. Wacker Dr., St. 2100
Chicago, IL  60606

Adam C. Harris
David M. Hillman
Schulte Roth & Zabel LLP
919 Third Ave.
New York, NY  10022

Cameron Gulden
Office of the U.S. Trustee
Suite 800
219 S. Dearborn Street
Chicago, IL  60604

Jeffrey L. Shields
Callister Nebeker & McCullough, P.C.
Zions Bank Bldg., Ste 900
10 East South Temple
Salt Lake City, UT  84133

William J. Connelly
Hinshaw & Culbertson LLP
222 N. LaSalle St., Ste. 300
Chicago, IL  60601

Russell C. Fericks
Richards Brandt Miller Nelson
Wells Fargo Center
299 S. Main St., 15th Floor
Salt Lake City, UT  84111

Bruce L. Wald
Jeffrey B. Rose
Tishler & Wald, Ltd.
200 S. Wacker Dr., Ste. 3000
Chicago, IL  60606

Steven Campbell
DB Zwirn Spec. Opportunities Fund LP
745 Fifth Ave., 18th Flr.
New York, NY  10151

Anthony Deglomine III
Harris Corp.
1025 W. NASA Blvd.
Mailstop A-11A
Melbourne, FL  32919

Spencer Ware
Kroll Zolfo Cooper
900 Third Ave.
New York,  NY  10022

Federal Commc'ns Comm'n
Office of the Secretary
9300 E. Hampton Dr.
Capital Heights, MD  20743

Internal Revenue Service
District Counsel
200 W. Adams St., Ste. 2300
Chicago, IL  60606

Bruce W. Lyon
LaBarge Campbell & Lyon
200 W. Jackson Blvd., Ste. 2050
Chicago, IL  60606

Office of the Atty. Gen'l
Bankruptcy Section
100 W. Randolph St.
Chicago, IL  60601

James C. Swindler
Prince Yeates & Geldzahler
175 East 400 South, Ste. 900
Salt Lake City, UT  84111

Securities and Exchange Comm'n
ATTN:  Bankruptcy Section
175 W. Jackson Blvd., Ste. 900
Chicago, IL  60605

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| MILLCREEK BROADCASTING, L.L.C., et al., ) | |
| ) | Case Nos. 07-3121 |
| Debtors. ) | (Jointly Administered) |
| ) | Hon. Jacqueline P. Cox |

**FINAL APPLICATION OF JENNER & BLOCK LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE CREDITORS COMMITTEE
FOR MILLCREEK BROADCASTING LLC, ET AL.**

Pursuant to 11 U.S.C. §§ 327, 330 and 331, the Order Authorizing the Employment and Retention of Jenner & Block LLP as Attorneys for the Committee Pursuant to (the "Retention Order"), and the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Interim Compensation Order"), Jenner & Block LLP (the "Firm"), counsel to the Creditors Committee for Millcreek Broadcasting LLC, et al. (the "Committee"), respectfully submits this application (this "Fee Application") for: (a) approval on a final basis the Court's two earlier interim fee orders (Doc. 416 and 562); (b) allowance of additional final compensation in the amount of $14,964.00 for the actual, reasonable, and necessary legal services the Firm rendered to the Committee from October 31, 2009 through the date of this application (the "Fee Period"), and (b) reimbursement of the actual, reasonable and necessary expenses that the Firm incurred in the amount of $344.18 during the Fee Period. In further support of this Fee Application, the Firm respectfully states:

**BACKGROUND**

1. On February 22, 2007, four creditors filed involuntary chapter 11 petitions against the Debtors. On May 11, 2007, the Debtors consented to the petitions.

2. On May 24, 2007, the United States Trustee appointed Simmons Media Group, LLC, Alta Communications Group Inc. and Edison Media Research to the Committee. On November 1, 2008, the Committee retained the Firm. On June 13, 2007, the Court authorized the Committee's retention of the Firm effective November 1, 2008.

3. The Debtors' cases are being jointly administered by the Court.

4. The Court has jurisdiction over this Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

5. On May 15, 2007, this Court entered the Interim Compensation Order. This is the Firm's second monthly fee application seeking allowance of compensation and reimbursement of expenses in these cases.

6. Pursuant to the Retention Order and the Interim Compensation Order, the Firm respectfully submits this monthly fee application for compensation for professional services rendered and reimbursement of disbursements made in these cases during the Fee Period.

**RETENTION OF JENNER & BLOCK LLP**

7. On June 13, 2007, the Court entered its Retention Order, which authorized the Committee to employ the Firm as attorneys for the Committee. The Retention Order authorizes the Committee to compensate the Firm at the Firm's hourly rates charged for services of the type identified in the Firm's Retention Application and approved in the Retention Order and to reimburse the Firm for actual and necessary out-of-pocket expenses incurred, subject to

2

application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable local rules, and the Interim Compensation Order.

8. Since May 29, 2007, the Firm has represented the Committee.

9. The Firm performed the services for which it seeks compensation on behalf of the Committee and not on behalf of any other person.

10. Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than with the Firm's partners, of counsel, associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## REASONABLE AND NECESSARY SERVICES RENDERED BY JENNER & BLOCK - GENERALLY

11. On December 2, 2008, the Court entered an interim fee order allowing the Firm $64,183.50 of compensation and $2,517.92 in reimbursement for its out-of-pocket expenses covering the period of May 29, 2007 through October 31, 2008. (Doc. 416) (Copies of the Firm's first interim fee application and this interim order are attached hereto as Exhibit A (Doc. 407).) On December 17, 2009, the Court entered an order allowing the Firm $7,213.00 in compensation and $231.43 in reimbursement for its reasonable out-of-pocket expenses covering the period November 1, 2008 through October 31, 2009. (Doc. 562) (Copies of the firm's second interim fee application and this interim order are attached hereto as Exhibit B (Doc. 556).)

12. Since filing of its second interim fee application, the Firm incurred fees in these cases in the total amount of $14,964.00 and expenses in the total amount of $344.18. The Firm seeks payment of all fees and expenses incurred to date and final approval of the Court's two earlier interim fee orders.

3

13. A schedule is provided at the front of this Fee Application showing the name and position of each professional and paraprofessional who worked on this matter, the hours worked during the Fee Period and the hourly billing rate.

14. The Firm's fees and costs were incurred as counsel to the Committee. The Firm's fees were derived from the applicable hourly billing rates of the Firm's personnel who rendered such services. Attached hereto as Exhibit C is a detailed itemization and description of the services that the Firm rendered during the Fee Period. Based on the rates and the services performed, the reasonable value of such services since the filing of the second interim fee application is $14,964.00. The Firm's attorneys and paraprofessionals expended a total of 30.80 hours working on these cases during the Fee Period. In total, the Firm incurred $86,360.50 in fees and expended 214.80 hours. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

15. In addition, Exhibit C hereto (a) identifies the individuals that rendered services in each matter, (b) describes each activity or service that each individual performed, and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual on each particular task for time incurred since the second interim fee application.

**REASONABLE AND NECESSARY SERVICES RENDERED BY
JENNER & BLOCK - CATEGORIZED BY MATTER**

16. The primary professional services that the Firm rendered since the filing of the second interim fee application are described in paragraphs seventeen through twenty below.

4

**17.    Matter 47228-10011  Case Administration.**
(Fees Incurred Since Second Interim Fee Application: $336.50  Hours: 0.80)

The Firm's work for the Committee in this category during the fee period consisted of communicating with the Committee and keeping them advised of case development. In addition, the Firm communicated with U.S. Trustee about the case status. The Firm also reviewed monthly operating reports and other administrative pleadings filed in these cases.

**18.    Matter 47228-10070  Sale of Assets.**
(Fees Incurred Since Second Interim Fee Application: $10,418.50  Hours: 17.90)

The time spent under this category included attending status hearings regarding the FCC sale process and participating in negotiations over modification of the sale terms. The Firm met with counsel for the Debtors, and the lender, and the Committee about the new deal and negotiated a resolution of the proposed sale. As a result, trade creditors received payment upon entry of the amended sale approval order.

**19.    Matter 47228-10097  DIP Financing.**
(Fees Incurred Since Second Interim Fee Application: $495.00  Hours: 0.90)

Jenner & Block reviewed the Debtors' proposed extensions of the maturity date of its DIP credit facility and conferred with the Debtors about the same.

**20.    Matter 47228-10119  Fee Petitions.**
(Fees Incurred Since Second Interim Fee Application: $3,714.00  Hours: 11.20)

Jenner & Block prepared its monthly applications, reviewed the Debtors' fee applications and prepared its second interim application and final fee application.

21.    Because of the benefits realized by the Committee, the nature of these cases, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, and the skill required, the Firm requests that it be allowed at this time compensation

5

for professional services rendered during the Fee Period in the sum of $14,964.00.  In addition, the Firm requests that Court approve on a final basis the Court's two earlier interim fee orders.

## ACTUAL AND NECESSARY EXPENSES

The Firm has disbursed, and requests reimbursement of, the following sums for

| | |
|---|---:|
| Pacer Charges | 94.52 |
| Photocopy Expense | 205.65 |
| In-City Transportation | 44.00 |
| **TOTAL** | **344.18** |

A detailed itemization of these expenses is set forth in Exhibit D hereto.

22. It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items.  Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.  With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate.

23. The only telephone charges for which the firm bills are the costs of teleconference services for committee meetings and international long-distance telephone charges.  The firm does not charge for domestic long-distance telephone calls.

24. Computer assisted legal research is used whenever the researcher determines that using Westlaw or Lexis Nexis is more cost effective than using traditional (non-computer assisted legal research) techniques.  The Firm charges the client the actual charges incurred in using Westlaw.  The Firm does not pro-rate computerized research charges among all clients so that the amount charged to any client by the Firm represents the Firms' actual out-of-pocket charge for the use of that service for that client.

25. The Firm's standard charge for photocopies is $.10 per page. The number of photocopies is recorded automatically when the person making the copies enters the appropriate account number into devices attached to the Firm's copy machines.

## CONCLUSION

26. This Fee Application is the Firm's final application. The Firm has served twenty one days notice of the hearing on this Application to all counsel of record and requests that the Court find the notice was adequate under the circumstances given the payments made to creditors as part of the sale process.

WHEREFORE, the Firm respectfully requests that the Court (a) approve on a final basis the Court's two earlier interim fee Orders; (b) grant the Firm an additional allowance of compensation for reasonable and necessary professional services rendered as counsel to the Committee in the sum of $14,964.00 for services performed since the filing of the Firm's second interim fee application; (c) grant the Firm an additional allowance of expenses in the sum of $344.18 incurred since the filing of the Firm's second interim fee application; and (d) order that such fees and expenses be payable as administrative expenses of the Debtors' bankruptcy estates.

Dated: Chicago, Illinois
August 26, 2010

Respectfully submitted,

CREDITORS COMMITTEE FOR MILLCREEK BROADCASTING, LLC, et al.

BY:      */s/ Catherine Steege*
            One of Its Attorneys

Catherine L. Steege (6183529)
Christine L. Childers (6277245)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654-3456
Telephone: 312-222-9350
Facsimile: 312-527-8760

7